# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40673
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
September 17, 2019
Lyle W. Cayce
Clerk

CALVIN RAY CASH,

        Plaintiff-Appellant

v.

JOHN RUPERT; PAMELA PACE,

        Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-49

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

    Calvin Ray Cash, Texas prisoner # 1784450, was assessed a $100 annual health care services fee following a sick call visit. He filed a grievance challenging this fee, which defendant Pamela Pace denied because Cash's allergies were not considered a "chronic" condition that would be exempt from the fee. Cash filed a 42 U.S.C. § 1983 complaint against Pace and Warden John Rupert.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40673

The district court granted Pace's motion to dismiss reasoning that Cash had not alleged Pace was personally involved in the assessment of the fee, a prisoner has no protected liberty interest in having a grievance resolved to his satisfaction, and Pace was entitled to qualified immunity. Rupert's motion for summary judgment was granted, and the complaint against him was dismissed based on conclusions that Rupert was immune from a claim for damages in his official capacity, that he was not liable under a theory of respondeat superior, that Cash had not shown a constitutional violation, and that even if Rupert had been involved in the assessment of the fee, he would be entitled to qualified immunity because his actions would not have been unreasonable. On appeal, Cash fails to brief, and thus abandons, any challenge to several of the district court's conclusions, including that neither defendant was personally involved in the assessment of the fee, that Cash does not have a basis for a civil rights complaint for the denial of his grievance, and that, to the extent that Rupert was sued in his official capacity, such a claim was barred by the Eleventh Amendment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Instead, Cash argues that the defendants should be liable for the actions of their subordinates or for their alleged failure to adequately train their subordinates. Supervisory officials generally are not liable for the actions of subordinates on a theory respondeat superior or vicarious liability. *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "A supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (internal quotation marks and citation omitted). Cash's arguments fail to meet this standard because the fee is required by state

2

No. 18-40673

law and he has not alleged, much less pointed to any evidence, that it results from any policy implemented by these defendants. *See also Morris v. Livingston*, 739 F.3d 740, 746-52 (5th Cir. 2014) (rejecting various constitutional challenges to health care services fee).

The district court also concluded that Cash had not overcome qualified immunity. To determine whether qualified immunity applies, this court engages in a two-part inquiry, "asking: first, whether '[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right'; and second, 'whether the right was clearly established.'" *Trammell v. Fruge*, 868 F.3d 332, 339 (5th Cir. 2017) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Cash has not alleged that either Pace or Rupert had a role in violating any of his constitutional rights.

Cash's brief also appears to raise a claim of deliberate indifference to his medical needs. However, because he did not raise such a claim in the district court, we decline to consider it. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). In addition, such a claim likely would be meritless. A prisoner must establish that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). Cash does not allege that he did not receive treatment or medications for his allergies; he argues he should not have been assessed a fee for the care he received.

Finally, Cash moves this court to allow him to append certain records as exhibits to his brief. He seeks to include four documents, but they are already in the record on appeal.

AFFIRMED; MOTION DENIED.